# (April 11, 1983)

■ ROBERT MALETTA et al., Appellants, v BOHDAN BOCZKOWSKI et al., Respondents. — Motion by defendants to amend this court's decision dated August 16, 1982 [89 AD2d 889] and resettle the order entered pursuant to that decision. Motion denied. On the court's own motion, the order and decision in the above-entitled matter, both dated August 16, 1982, are recalled and vacated and the following decision is substituted therefor: In an action, *inter alia,* for declaratory relief, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated October 7, 1981, which granted defendants' motion for summary judgment as to all of the causes of action except for the first cause of action and, with respect to that cause of action, declared that neither plaintiff is a trustee of the subject trusts. Order modified, on the law, by deleting the provision that the plaintiffs are not trustees of the subject trust funds and substituting therefore a provision declaring that plaintiff Robert Maletta was improperly removed as a trustee of the Suffolk County Civil Service Employees Association Welfare Fund and Legal Services Fund; that plaintiff Sidney Grossman was improperly removed as a trustee of the Suffolk County Civil Service Employees Association Welfare Fund and that the reappointment of defendants Frank Giordano and Edward Valder as trustees of the Suffolk County Civil Service Employees Association Welfare Fund and Legal Services Fund was invalid. As so modified, order affirmed, with $50 costs and disbursements payable to appellants. The Suffolk County Civil Service Employees Association Welfare Fund (Welfare Fund) and Suffolk County Civil Service Employees Association Legal Services Fund (Legal Services Fund) are employee benefit trust funds established pursuant to collective bargaining agreements between the County of Suffolk (County) and the Civil Service Employees Association (CSEA). The funds are administered in joint fashion by a board of trustees consisting of County and CSEA designated trustees. Employee benefits to covered employees of the County and their eligible dependents are provided by means of these funds. On August 6, 1979 defendant Giordano, then a trustee designated by the CSEA of both the Welfare and Legal Services Funds, was removed by the CSEA trustees as a trustee of both funds for alleged misconduct. On the same day, defendant Valder, a CSEA

designated trustee of the Welfare Fund, was also removed by the CSEA trustees as a trustee, also for alleged misconduct. The plaintiffs, Maletta and Grossman, were then appointed as CSEA designated trustees of the Welfare Fund, and Maletta was also appointed as a CSEA designated trustee of the Legal Services Fund. In September, 1979 the newly elected executive board of the CSEA "ascertained that [the] alleged misconduct in substance is not related to material matters dealing with trustee accountability and responsibility to constitute just cause", "determined that no substantial evidence was presented which addressed itself to such areas of accountability and responsibility of a fiduciary", and determined that the removal of Valder and Giordano was patently illegal and that the designation of Grossman and Maletta "is without legal sanction and in violation of the spirit and intent of the trust document". On the basis of the foregoing determinations the board resolved that Valder and Giordano were "deemed to have retained and remained as * * * valid and properly designated trustee[s]" and declared the designation of Grossman and Maletta as successor trustees "to be of no validity and void ab initio". Thereafter, Maletta and Grossman instituted the present action which alleges 10 causes of action. The trial court granted defendants' motion for summary judgment with respect to causes of Actions Nos. 2 through 10. With respect to the first cause of action, the court declared that the plaintiffs were not trustees of the trust funds on the basis that the removal of Giordano and Valder was improper as neither was given notice nor an opportunity to be heard prior to his removal and that "[t]he recall of plaintiffs' appointment by a newly constituted Board * * * followed logically". "In the administration of a trust, the discovered intent of the trustor is of controlling importance, and the trust is to be administered in the manner laid down by him. Neither the court nor a beneficiary nor the legislature is competent to violate such intent and to substitute its discretion for that of the trustor" (61 NY Jur, Trusts, § 287). Therefore, in determining whether defendants Valder and Giordano were entitled to notice and an opportunity to be heard, we must look to the "Agreement and Declaration of Trust". The two trust agreements in the case at bar provide that "Association [Designated] Trustees may be removed for cause during their term" and that "[i]n case any Association Trustee shall be removed for cause, a statement in writing by the President of the Association shall be sufficient evidence of the action taken by the Association". There is no evidence of an intent to require notice and an opportunity to be heard prior to the dismissal of an association trustee for cause and it is not for the court to rewrite the agreement so as to impose such a requirement. We are therefore compelled to conclude that the reinstatement of defendants Valder and Giordano and concomitant discharge of plaintiffs Maletta and Grossman, which were admittedly without cause, were improper and invalid. Thompson, J. P., O'Connor, Niehoff and Rubin, JJ., concur.